IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

KEVIN CAIN,                              :
                                         :
        Plaintiff,                     :
                                         :  CIVIL NO. 5:15-CV-0058-MTT
        VS.                            :
                                         :
WASHINGTON STATE PRISON, et al, :
                                         :
        Defendants.                    :

## ORDER

Plaintiff **KEVIN CAIN**, a prisoner confined at Washington State Prison in Davisboro, Georgia, has filed a pleading in this Court which is construed to be a *pro se* civil rights complaint seeking relief under 42 U.S.C. § 1983. Because Plaintiff failed to pay the required fee upon filing, the Court presumes that he also wishes to proceed in this action *in forma pauperis*.

Federal law, however, prohibits a prisoner from bringing a civil action in federal court *in forma pauperis*

> if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This is known as the "three strikes provision." Under § 1915(g), a prisoner incurs a "strike" any time he has a federal lawsuit or appeal dismissed on the grounds that it is frivolous or malicious or fails to state a claim. *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999). If a prisoner incurs three strikes, his ability to proceed

*in forma pauperis* in federal court is greatly limited: Leave may not be granted unless the prisoner alleges an imminent danger of serious physical injury. *Id.*

A review of court records on the U.S. District Web PACER Docket Report reveals that Plaintiff has filed many lawsuits in federal court and that at least three of his complaints have been dismissed as frivolous or malicious or for failure to state a claim. *See Cain v. Dept. of Corr.,* 1:04-CV-03594 (Doc. 2) (N.D. Ga. March 22, 2005); *Cain v. Roger State Prison,* 1:05-CV-1580 (Doc. 6) (N.D. Ga. Aug. 31, 2005); *Cain v. Warden Massac*, 3:07-CV-032 (Doc. 7) (N.D. Ga. Sept. 27, 2007). Because of this, Plaintiff may not proceed *in forma pauperis* unless he can show that he qualifies for the "imminent danger" exception in § 1915(g). *See Medberry*, 185 F.3d at 1193. Plaintiff has not alleged any such danger in his Complaint. Plaintiff's incoherent and disjointed ramblings merely complain of past injuries, a crowded cell, "chlorine in [the] water" that causes dry, peeling and cracked skin, and the dismissals of his past lawsuits. The Court therefore finds that Plaintiff has failed to show that he is now entitled to proceed *in forma pauperis*. *See id; Sutton v. Dist. Attorney's Office*, 334 F. App'x 278, 279 (11th Cir. 2009).

Leave to proceed *in forma pauperis* is accordingly **DENIED**, and Plaintiff's Complaint is **DISMISSED**.

**SO ORDERED**, this 10th day of March, 2015.

                                             S/ Marc T. Treadwell
                                             MARC T. TREADWELL, JUDGE
                                             UNITED STATES DISTRICT COURT

jlr